[No. 1744. Decided July 8, 1895.]

JAMES I. SEWARD, *Respondent,* v. R. W. DERRICKSON *et al., Defendants,* HENRY HEWITT, JR., *Appellant.*

GUARANTY BY INDORSER OF NOTE — CONSTRUCTION — LIABILITY — AMENDMENT OF PLEADINGS.

Where one indorses his name on the back of a note before delivery, with the intention of becoming a surety for its payment, the fact that he afterwards, at the maturity of the note, indorses a guaranty thereon of payment at maturity, waiving demand, notice and protest, to which is added after his name the words "for thirty days," does not qualify his original indorsement nor release his liability thereunder.

The amendment of a complaint to correspond to the proof is a

15 — 12 WASH.

matter within the discretion of the court, and will only be disturbed when it appears that injustice was thereby done to the defendant.

*Appeal from Superior Court, Pierce County.*

*Fenley Bryan,* for appellant.

*Hudson & Holt,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The amended complaint, on which this action is based, alleges that in October, 1890, the defendants Derrickson and Sawyer, by their firm name of R. W. Derrickson & Co., signed a certain promissory note to pay at the order of the Traders Bank of Tacoma the sum of $5,000, with interest; that at the time of the signing of the note aforesaid the defendants were indebted to the bank on another promissory note of prior date, for $5,000, which note was signed on its face by the defendant, Henry Hewitt, Jr.; and that there was written on the back thereof the names of all the defendants, the said note having been given for money which was paid to the said R. W. Derrickson & Co. by said Traders Bank of Tacoma at the request of said Henry Hewitt; that the note sued on herein was received by the bank in renewal and discharge of the prior note above referred to, when it was indorsed by Henry Hewitt, Jr., by writing his name on the back thereof; that upon said indorsing the note was delivered to the bank by the said Hewitt and the former note was canceled and discharged. The further allegation is to the effect that afterwards, and before the maturity of the note, the defendant Henry Hewitt, Jr., by writing indorsed on the said note, "for value received," waived demand, notice and protest thereof. Demand and non-payment were also alleged.

The defendant Henry Hewitt, in a separate answer, denies that at the time of the signing of the note sued on he was indebted to the Traders Bank in the sum of $5,000 or any other sum, upon a promissory note, as alleged in the complaint; denies that there was any agreement by which the whole note was to be discharged by a renewal in the shape of a new note.  He admits that he wrote his name on the back of the note, but alleges that he did not so write his name on the back thereof until long after the same was executed, delivered and accepted by said Traders Bank of Tacoma; and avers that after the writing of his name across the back of said note and shortly before the same became due, being desirous of further time in which to pay the same, and the said payee, the Traders Bank of Tacoma, being willing to grant said further time, with the consent of all parties thereto, he signed a written guaranty of said note whereby he guaranteed the payment thereof for a period of thirty days from maturity thereof; which said written guaranty it was at the time understood and agreed should be in lieu of and a substitute for the indorsement of his name across the back of said note, and was accepted by the bank as such; and that he was released from any liability which he may have had by reason of the first indorsement; that said guaranty was in the following words:  "For value received, payment of the within, at maturity, is hereby guaranteed, waiving demand, notice and protest.  Henry Hewitt, Jr.  For thirty days;" the words "for thirty days" being written under the name of Henry Hewitt.  He alleges the expiration of the thirty days and that no notice was given, and prays for his discharge.

The reply denies that the defendant did not write his name on the back of the note until after the same

had been executed, delivered and acccepted by the bank; but alleges that the same was written thereon before the delivery or acceptance of said note; alleges that the bank forbore to sue on said note and to commence proceedings for the collection thereof at the express request and direction of said Henry Hewitt, Jr.; and further alleges that the words, " for thirty days," were added to the name of Henry Hewitt, Jr., and written on said note without consultation with the plaintiff, and without any agreement, contract or understanding with reference thereto, and without any agreement as to the meaning of said words.

A great many authorities are cited by both appellant and respondent on the subject of the rights of guarantors, indorsers, etc., but it seems to us that the findings of fact by the court do away with the necessity of construing these authorities.    The court finds that before the delivery of the note to the bank and before its acceptance, the defendant Hewitt wrote his name across the back thereof for the purpose of, and with the intention of, becoming surety to the bank for the payment thereof; that the note was given in payment of and substitution for a note of like amount then due, which note was indorsed by defendant Hewitt, and for which he was responsible; that the bank, relying on the signing by the defendant Hewitt of his name on the back of the note on which this action is based, before the delivery thereof, canceled and discharged said other note; and that afterwards, and at the maturity of the note on which this action is based, for the purpose of saving and preventing the protest of said note and waiving demand or notice thereof, the defendant Hewitt in writing indorsed on said note a guaranty of payment thereof and waiving protest, demand and notice thereof, and added after his name signed thereto the

words, "for thirty days;" that the said guaranty and waiver were not understood and agreed to be in lieu of, or a substitute for, the indorsement of the name of said Henry Hewitt, Jr., on the back of said note, and were not accepted by the said Traders Bank of Tacoma as such; and the said Traders Bank of Tacoma did not then or thereby release the said defendant from the liability which he may have assumed by reason of the first mentioned indorsement. And finds, as conclusions of law, that the defendant Henry Hewitt waived notice of non-payment, demand and protest, and that the waiver of protest, notice and demand, by the defendant Henry Hewitt, was not qualified by the words, "for thirty days," written after his name; and that by reason of the indorsement of his name across the back of the said note by the defendant he became liable to pay said note at maturity thereof; that the other defendants did not pay the same upon demand and notice of non-payment thereof; and, as a conclusion, that the plaintiff was entitled to recover of and from the defendants and each of them the amount due on said note.

We have examined the testimony in this case, and while there is some conflict in the testimony, we think the facts as found by the court are justified by the evidence, and we do not therefore feel warranted in disturbing them. The wording of the waiver of notice and protest, including the words "for thirty days," added below, is rather peculiar, and seems to us somewhat meaningless, and we do not think, in the absence of convincing testimony, that it was agreed and understood that the indorser should be released at the end of thirty days, if the note was not paid — that it should be construed into such a release. We think the find-

ings of fact justified the conclusions of law reached by the court.

As to the other proposition contended for by the appellant, that the court erred in allowing the complaint to be amended to correspond with the proof, that was a matter of discretion, and as no injustice was worked upon the appellant we do not think the discretion was abused.

The judgment will, therefore, be affirmed.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.